IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DENNIS MOUTON, III | § | |
| VS. | § | CIVIL ACTION NO. 1:06cv673 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION

Petitioner Dennis Mouton, III, an inmate incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Factual Background and Prior Proceedings

In 2002, following a jury trial, petitioner was convicted of aggravated assault on a public servant. *State of Texas v. Dennis Mouton, III*, cause no. 85321. He was sentenced to 55 years imprisonment. The conviction was affirmed by the Texas Court of Appeals for the Ninth District. *Mouton v. State*, No. 09-02-466-CR. The Texas Court of Criminal Appeals refused a petition for discretionary review. *Mouton v. State*, No. PD-0607-04.

Petitioner subsequently filed an application for discretionary review. The Court of Criminal Appeals denied the application without written order on the findings of the trial

1

court without a hearing. *Ex parte Mouton*, Appl. No. 62,312-01. A second state application was dismissed as a subsequent application. *Ex parte Mouton*, Appl. No. 62,312-02.

## Grounds for Review

Petitioner asserts the trial court erred by refusing his request that additional jurors be excused for cause. Petitioner also states he received ineffective assistance of counsel because counsel: (1) failed to investigate an eyewitness at the scene; (2) failed to present evidence petitioner was intoxicated and suffered from a mental condition; (3) failed to use peremptory strikes on two biased jurors or challenge such jurors for cause; (4) failed to hire an accident reconstruction specialist and (5) failed to hire an expert who would have found that petitioner was intoxicated and suffered from a mental condition. Petitioner also asserts he received ineffective assistance of counsel because of counsel's cumulative errors.

## Procedural Bar

The respondent asks that petitioner's first, second and fifth assertions of ineffective assistance of counsel, as well as his complaints about cumulative errors, be dismissed as procedurally barred.

A federal court may not consider a state prisoner's constitutional claim if the state courts which considered the claim based their rejection of the claim on an adequate and independent state ground. *See Martin v. Maxey*, 98 F.3d 844 (5th Cir. 1996). A claim dismissed on an adequate and independent state ground is considered to be procedurally defaulted or barred for the purpose of federal habeas review. However, the procedural default doctrine will only be applied if the last state court to consider a claim "clearly and expressly" relied on an adequate and independent state ground as its basis for dismissal. *See Coleman v. Thompson*, 501 U.S. 722, 735 (1991).

While petitioner asserted his first, second and fifth allegations of ineffective assistance of counsel, as well as his complaints about counsel's cumulative errors, in his second state application for writ of habeas corpus, he did not include these allegations in his first application or in his petition for discretionary review. As stated above, the dismissal of petitioner's second state application by the Court of Criminal Appeals was based on the Texas state abuse of the writ doctrine.

A dismissal of a ground for review under an abuse of the writ doctrine can qualify as a procedural bar. *See Murch v. Mottram*, 409 U.S. 41 (1972) (*per curiam*). A procedural bar is

not adequate, however, unless it is applied "strictly or regularly" to the "vast majority of similar claims." *Amos v. Scott*, 61 F.3d 333, 339 (5th Cir.), *cert. denied*, 516 U.S. 1005 (1995). The Texas Court of Criminal Appeals applies its abuse of the writ doctrine regularly and strictly. *Emery v. Johnson*, 139 F.2d 191 (5th Cir. 1997); *Fearance v. Scott*, 56 F.3d 633 (5th Cir.) (*per curiam*), *cert. denied*, 515 U.S. 1153 (1995).[1]

It is clear from the record that petitioner has procedurally defaulted his first, second and fifth allegations of ineffective assistance of counsel, as well as his complaint about counsel's cumulative errors. However, even procedurally defaulted claims may be considered if the petitioner shows cause and prejudice regarding the default or shows that absent a review of the claim by a federal court, a fundamental miscarriage of justice will result.[2] *Coleman v. Thompson*, 501 U.S. 622, 755 (1991). In this case, however, petitioner has failed to establish cause or prejudice and has not shown that a fundamental miscarriage of

---

[1] While the Court of Criminal Appeals historically failed to apply the abuse of the writ doctrine in a strict or regular manner, *see Lowe v. Scott*, 48 F.3d 873 (5th Cir. 1995), the court, in 1994, announced the adoption of a strict abuse of the writ doctrine. *Ex parte Barber*, 879 S.W.2d 889 (Tex. Crim. App. 1994).

[2] A fundamental miscarriage of justice occurs when a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Sawyer v. Whitley*, 945 F.2d 812, 816 (5th Cir. 1991).

4

justice will result if these grounds for review are not considered. As a result, the dismissal of his petitioner's second state application under the abuse of the writ doctrine bars consideration of these grounds for review in this proceeding.

Remaining Grounds for Review

*Standard of Review*

When a federal district court reviews a habeas petition filed pursuant to 28 U.S.C. § 2254, it must defer to the determination of state courts in any case adjudicated on the merits in state court proceedings.[3] *Robertson v. Cain*, 324 F.3d 297, 301 (5th Cir. 2003). A federal court may only overturn a state court's determination as to a question of law or a mixed question of law and fact if that determination was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or if the state court's adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

---

[3] In petitioner's case, the Court of Criminal Appeals denied his first application for writ of habeas corpus on the findings of the trial court without a hearing. Under Texas law, the denial of relief by the Court of Criminal Appeals constitutes a denial of relief on the merits. *Barrientes v. Johnson*, 221 F.3d 741, 779-80 (5th Cir. 2000).

As used in subsection (d)(1) of Section 2254, the phrase "clearly established Federal law, as determined by the Supreme Court of the United States" refers to holdings of the Supreme Court rather than mere dicta. *Williams v. Taylor*, 529 U.S. 362 (2000). Further, a decision is contrary to clearly established federal law if the state court: (a) arrived at a conclusion opposite to that reached by the Supreme Court on a question of law or (b) decided a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Id*. A decision involves an unreasonable application of clearly established federal law if the state court identified the correct legal principle, but unreasonably applied the principle to the petitioner's case. *Id*. A federal habeas court may not grant relief merely because it believes the state court applied clearly established federal law incorrectly or erroneously. Instead, the court must conclude the state court's application of clearly established federal law was unreasonable. *Id*.

In addition, 28 U.S.C. § 2254(d)(2) instructs federal court to "give deference to the state court's [factual] findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."' *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The

resolution of factual issues by a state court is presumptively correct and will not be disturbed unless the petitioner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

*Remaining Grounds for Review*

A. <u>Denial of Request to Have Panel Members Excused for Cause</u>

During *voir dire*, several jurors, including panel members 25 and 27, stated they had already formed an opinion about petitioner's guilt or innocence. The trial court subsequently denied a defense request to have panel members 25 and 27 excused for cause because defense counsel had failed to ask these individuals whether the opinion they had formed would influence their verdict. Petitioner asserts the court erred by denying these challenges for cause and also erred by not recalling these individuals and asking whether their opinion would influence their verdict.[4]

---

[4] Both the intermediate appellate court and the state habeas trial court stated only panel member 27 served on the jury. However, as the respondent concedes, the record reflects panel members 25 and 27 both served on the jury. The deferential standard of review normally applied to state court findings and conclusions in habeas matters does not apply where the state court did not adjudicate the claim on the merits. *Henderson v. Cockrell*, 333 F.3d 592, 598 )5th Cir. 2003). As a result, petitioner's complaint about the seating of panel member 25 is entitled to *de novo*, rather than defential, review. *Riley v. Cockrell*, 339 F.3d 308, 318 (5th Cir. 2003).

7

Under our system of justice, before a person may be deprived of his liberty, guilt must be found, beyond a reasonable doubt, by an impartial decisionmaker. The Sixth Amendment to the Constitution provides, in part, that: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed." The right to jury trial provided for in this amendment "guarantees to the criminally accused a fair trial by a panel of impartial, indifferent jurors." *Irvin v. Dowd*, 336 U.S. 717, 722 (1961).

In this case, petitioner has failed to demonstrate that any biased jurors were seated in his case. While the record reflects that panel members 25 and 27 had formed an opinion about petitioner's guilt or innocence, there is no indication as to which way they were leaning. Further, even if it could be assumed they were leaning against petitioner, there is no indication they would have been unable to put aside their previously formed opinions and decide the case in accordance with the evidence presented to them. There is no evidence in the record that would support a finding that they could not put aside their prior opinions. Nor did petitioner submit any affidavits from these individuals in connection with his state habeas

application demonstrating they would have been unable to decide the case based on the evidence presented at trial. "To hold that the mere existence of any preconceived notion as to guilt or innocence, without more, is sufficient to rebut the presumption of a prospective juror's impartiality would be to establish an impossible standard. *Virgil v. Dretke*, 446 F.3d 598, 609 (5th Cir. 2006). This ground for review is therefore without merit under either *de novo* review or the deferential habeas standard.

B. <u>Ineffective Assistance of Counsel</u>

1. <u>Legal Standard</u>

A claim of ineffective assistance of counsel is reviewed under the standards announced by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). "First, a defendant must demonstrate that 'counsel's representation fell below an objective standard of reasonableness,' with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance." *Black v. Collins*, 962 F.2d 394, 401 (5th Cir. 1992 (quoting *Strickland*, 466 U.S. at 688). Second, if counsel was ineffective, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine

9

confidence in the outcome." *Strickland*, 466 U.S. at 694. A claim of ineffective assistance of counsel will only merit habeas relief when a petitioner satisfies both prongs of the *Strickland* test. *See Strickland*, 466 U.S. at 687-97.

2. <u>Application</u>

   a. <u>Failure to Use Preemptory Strikes and Challenge Jurors for Cause</u>

As described above, panel members 25 and 27 were seated as jurors even though they admitted they had formed an opinion as to petitioner's guilt or innocence. The trial court denied a request to have these individuals excused for cause because counsel had failed to ask whether their opinion would influence their verdict. Petitioner contends counsel was ineffective for failing to ask this question. He also contends counsel was ineffective for failing to use preemptory challenges to strike these jurors.

As also described above, petitoner has failed to demonstrate panel members 25 and 27 had formed an opinion that was not in his favor that they would have been unable to put aside at trial. As petitioner has failed to demonstrate these individuals had a bias against him which could not be put aside, he has failed to

demonstrate he suffered prejudice because of counsel's failure to ask them whether their opinion could influence their verdict.

Petitioner also contends counsel should have used preemptory strikes to prevent panel members 25 and 27 from serving on the jury. An "attorney's actions during *voir dire* are considered to be trial strategy." *Teague v. Scott*, 60 F.3d 1167, 1172 (5th Cir. 1995). In this case, it cannot be concluded counsel's use of his preemptory strikes fell below an objective standard of reasonableness. Several of the panel members struck had made statements indicating they would not have been ideal jurors from a defense standpoint. For example, panel members 12, 15 and 29 had friends or relatives who had been employed in law enforcement and panel members 14 and 18 said they would have problems considering the full range of punishment. In light of this and the deference given to strategic decisions, this ground for review is without merit.

    b.  <u>Failure to Hire Accident Reconstruction Expert</u>

Petitioner also states counsel was ineffective for failing to hire an expert who could have reconstructed the incident which resulted in his conviction. He states such an expert have attacked the prosecution's theory of how the incident took place.

11

Complaints regarding uncalled witnesses are not favored in federal habeas review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely speculative. *Bray v. Quarterman*, 265 Fed.Appx. 296, 298 (5thCir. 2008). As a result, in order to prevail on such a claim, a petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witnesses's proposed testimony, and show that the testimony would have been favorable to a particular defense. *Id*. (citing *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985)). Such a showing must be made for expert as well as lay witnesses. *Evans v. Cockrell*, 385 F.3d 370, 377-78 (5th Cir. 2002) (rejecting uncalled expert witness claim where petitioner failed to present evidence of what a scientific expert would have stated); *United States v. Doublin*, 54 Fed.Appx. 410 (5th Cir. 2002).

In this case, petitioner has not submitted the name of an accident reconstruction evidence who would have been willing to testify at trial. Nor has he stated in any detail what testimony any particular expert would have been prepared to offer at trial. As a result, this ground for review is without merit.

Conclusion

For the reasons set forth above, this petition for writ of habeas corpus is without merit and will be denied. An appropriate final judgment shall be entered.

In addition, the court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could revolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. If the petition was dismissed on procedural grounds, the petitioner must show that jurists of reason would find it debatable: (1) whether the petition raised a valid claim of the denial of a constitutional right and (2) whether the district

13

court was correct in its procedural ruling. *Id*. at 484; *Elizalde*, 362 F.3d 328. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner. *See Miller v. Johnson*, 200 F.3d 272, 280-01 (5th Cir. 2000)

In this case, petitioner has not made a substantial showing of the denial of a constitutional right or shown that the court's procedural ruling was incorrect. As a result, a certificate of appealability shall not issue.

**SIGNED** this the **30** day of **March, 2010.**

*[signature]*

Thad Heartfield
United States District Judge